UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ANA MORA, individually and as successor in interest to Erick Mora; LUIS MORA, individually and as successor in interest to Erick Mora,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF GARDEN GROVE, a municipality; SERGEANT BRIAN DALTON, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | NO.: 8:19-cv-00418 JLS (JDEx)<br><br>**PROTECTIVE ORDER FOR DEPOSITIONS AND DOCUMENTS** |

Based on the parties' Stipulation re Protective Order for Depositions and Documents (Dkt. 20, "Stipulation") and good cause appearing therefor,

IT IS HEREBY ORDERED that the Stipulation is entered as a Protective Order of this Court, subject to the following clarifications that shall govern over any inconsistent provisions in the Stipulation:

(1) Nothing in the Stipulation and this Protective Order governs the designation or use of Protected Materials (as defined in the Stipulation) in connection with dispositive motions or trial. See Pintos v. Pacific

1

Creditors Ass'n., 605 F.3d 665, 677-79 (9th Cir. 2010). Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities.

(2) This Protective Order does not entitle any party to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002). The mere designation of items as subject to this Protective Order does not constitute good cause.

(3) A challenge to a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. In the event of a dispute, the challenging party shall initiate the dispute resolution process under Local Rule 37-1 et seq., and if unsuccessful in resolving the dispute, comply with the remaining provisions of Local Rule 37-1 et seq. in bringing the matter to the Court's attention. The burden of persuasion in any such challenge proceeding shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.

(4) In the event Protected Material is sought by lawful process, such as a subpoena, court order, or controlling discovery request in another action, nothing in the Stipulation and this Protective Order authorizes

any party in this Action to disobey a lawful directive from another court or authorized body.

IT IS SO ORDERED.

DATED: __August 13, 2019___

_____
JOHN D. EARLY
United States Magistrate Judge